## Max *v.* United States Shipping Board Emergency Fleet Corporation, Appellant.

*Contracts—Employer and employee—Leave of absence with pay —Change of regulations—Delay in resignation as acceptance of change.*

One who is entitled under his contract of employment to thirty days' leave with pay cannot be held to have accepted a modification of that privilege by reason of the mere fact that he continued in the employment for something more than a month after the change was announced and made effective. This is especially true in a case where it is made to appear that twice before similar changes had been announced by the employer and subsequently rescinded.

Argued October 20, 1922. Appeal, No. 176, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia, March T., 1922, No. 858, in favor of plaintiff for want of a sufficient affidavit of defense; in the case of F. J. Max v. United States Shipping Board Emergency Fleet Corporation. Before PORTER, HENDER-SON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for wages. Rule for judgment for want of a sufficient affidavit of defense. Before CASSIDY, J.

The facts are stated in the opinion of the Superior Court and in the case of Moffitt v. U. S. Shipping Board Emergency Fleet Corporation, supra.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense and entered judgment for plaintiff in the sum of $366.43. Defendant appealed.

*Error assigned* was the judgment of the court.

*Wm. Y. C. Anderson,* and with him *George W. Coles,* United States Attorney, for appellant.—It would be most unreasonable to permit an employee to receive his

pay without objection or dissent, from time to time at a fixed rate, for a considerable period, and thereafter present a claim for additional compensation: Wagoner v. Phila., 215 Pa. 379.

*Donald S. Edmonds,* and with him *Porter, Foulkrod & McCullach,* for appellee.—Appellee is not estopped to claim the compensation due him: Terry v. Wenderoth, 147 Pa. 519; American Life Insurance Co. v. McAden, 109 Pa. 399; Hartje v. Collins, 46 Pa. 268; Jackson v. McGinness, 14 Pa. 331.

OPINION BY LINN, J., November 23, 1922:

The facts in this case differ slightly from those in Moffitt v. United States Shipping Board Emergency Fleet Corporation, No. 184, October Term, 1922, decided this day, but the same legal principles govern both. Max was employed July 1, 1918, nearly three months before Moffitt and did not resign until January 24, 1922, when, as his statement avers, he set forth "the effective date of his resignation as March 15, 1922, to wit, twenty-nine working days after the date of actual separation from the employ of the defendant corporation, the fourth day of February, 1922." Defendant accepted the resignation as of February 4, 1922, "with an allowance of pay for 1½ days only." He accordingly sued for the wages due for the balance of the period of leave with pay, alleged to have been earned according to the same regulation considered in Moffitt's case. The same defenses are made here. We consider them insufficient for the reasons stated in that opinion, though we add a word because of Max's resignation in January, 1922. In the circumstances disclosed by the record, that fact does not change the legal result. On learning of the change of regulation of December 9th, Max, like Moffitt, was in a position where he could not take his leave within what remained of the calendar year if the regulation was intended to apply to such

persons; he was entitled to a reasonable time to consider his situation; twice before similar changes in regulation to prevent the taking of leave after the calendar year had been made and shortly thereafter had been rescinded; it was reasonable for Max to wait to see whether what had twice before been considered an unwise change in the particular regulation in question would perhaps again be so considered. As there is no dispute of fact, the effect of his conduct is a legal question; he acted in time.

Judgment affirmed.